UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:08-MJ-50 M |
| | : | |
| ANGEL FIGUEROA, a/k/a PIYI | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:08-MJ-51 M |
| | : | |
| HECTOR FIGUEROA, a/k/a BORI | : | |

**ORDER**
**SCHEDULING FOSTER HEARING**

The Court will conduct a Foster hearing, see United States v. Foster, 469 F.2d 1, 4-5 (1st Cir. 1972), in the above matters at 3:00 p.m. on April 2, 2008. While a hearing is not mandatory, see United States v. Sotomayor-Vázquez, 249 F.3d 1, 16 (1st Cir. 2001)("[T]he circumstances in which a Foster hearing is required are narrow, i.e., only in criminal prosecutions where one attorney speaks for two or more defendants.")(internal quotation marks omitted), the Court deems the hearing advisable for the following reasons. Based on the affidavit filed in support of Criminal Complaint 1:08-MJ-51 M, Defendant Hector Figueroa ("Hector") and Defendant Angel Figueroa ("Angel") appear to be co-defendants in the same alleged conspiracy. Hector is represented by Attorney Thomas Connors and Angel is represented by Attorney Joseph Voccola. Attorneys Connors and Voccola are associated together in the practice of law, and conflicts of interest are sometimes imputed among affiliated lawyers, see Cannon v. Mullin, 383 F.3d 1152, 1173 (10th Cir. 2004)(noting that two lawyers from the same private law firm are often treated

as one for conflict-of-interest purposes); Martinez v. Sullivan, 881 F.2d 921, 930 (10th Cir. 1989)(assuming that two law partners should be considered as one attorney for conflict-of-interest purposes). Accordingly, the Court will conduct a hearing on April 2, 2008, at which it will: a) comment upon some of the risks where defendants are represented by attorneys who are associated together in the practice of law; b) inquire whether Defendants have discussed the risks with their attorneys; and c) verify that they understand that they may retain an attorney who is not associated in the practice of law with the attorney representing their co-defendant, or, if they are eligible for appointed counsel, to have an attorney appointed to represent them and paid for by the Court.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 28, 2008