# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| vs. : | CR No. 08-042-ML |
| HECTOR FIGUEROA : | |

## MEMORANDUM AND ORDER

Hector Figueroa (a/k/a "BORI") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is DENIED.

## FACTUAL BACKGROUND AND TRAVEL

In 2008 agents from the U.S. Drug Enforcement Administration (DEA) were investigating a heroin trafficking conspiracy ring in Providence, RI. As part of that investigation, DEA agents and police on March 26, 2008 conducted a search of a residence owned by Figueroa's brother, Angel Figueroa ("Angel"), located at 24 Hampton Street, Providence. That residence was viewed as the organization's stash house. As a result of that search, agents seized approximately 27 grams of heroin that was being "bagged" by Angel at the time of the search, as well as two handguns, one of which was loaded.

On the same day Hector Figueroa was arrested, based on law enforcement's information that he functioned as the leader of the heroin trafficking conspiracy. He was charged with conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 18 U.S.C. §§841(a)(1) and (b)(1)(B) and 846 (Count I), and with distribution of heroin, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 2 (Count III).[1]

---

[1] The charges were part of an eight-count indictment naming Figueroa and four other defendants, including Angel.

Pursuant to a plea agreement, Figueroa pled guilty to both counts. Throughout all proceedings in this Court, Figueroa was represented by retained counsel, Attorney Thomas F. Connors.

The Presentence Report (PSR) calculated a sentencing guideline range of 121 to 151 months, based on a total offense level of 31 and a criminal history category II. (PSR ¶51). The offense level included a two-level enhancement for possession of a firearm in connection with the drug offenses, pursuant to U.S.S.G. § 2D1.1(b)(1), and a four-level enhancement for leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(a). (PSR ¶¶18,19.) Figueroa's counsel filed objections to both proposed enhancements and argued as to both enhancements at the sentencing hearing. (See Transcript of Sentencing Hearing conducted on January 22, 2009 ["Sent.Tr."] at 3-30, 48.)[2]

After hearing both sides, this Court denied Figueroa's objections to the PSR. The Court also denied Figueroa's motion for a variance. The Court then sentenced Figueroa to 121 months imprisonment, the lowest point of the guideline range, followed by five years of supervised release. (Id. at 65-66. ) Figueroa did not file any direct appeal, and his conviction became final on or about February 2, 2009.

Figueroa thereafter timely filed the instant motion to vacate, raising a single claim that his counsel was ineffective for failing to "adequately challenge the 2-point gun enhancement." The Government has filed a memorandum opposing the motion (Doc. #85), to which Figueroa filed a Reply (Doc. #88). This matter is ready for decision.[3]

---

[2] Counsel's challenge to the leadership role enhancement, which involved testimony at the sentencing hearing, is not at issue here and need not be further discussed.

[3] Although Figueroa has requested an evidentiary hearing on his claims, no hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See

DISCUSSION

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See United States v. Manon, 608 F.3d 126 (1st Cir. 2010) (same).

To satisfy the deficient-performance prong, the defendant "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 690). To satisfy the prejudice requirement under Strickland, a defendant must "show that there is a reasonable probability of a different outcome, i.e., a probability sufficient to undermine confidence in the outcome" and impacting the "fundamental fairness of the proceeding." Manon, 608 F.3d at 131-32 (citations and internal quotations omitted).

In support of his ineffective assistance claim, Figueroa asserts that his counsel (1) failed to adequately contest the two-level firearm enhancement on the basis of the accessibility of the firearms found at the stash house; and (2) failed to call Angel to testify on this point at the sentencing hearing.

---

David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing is required where the district judge is thoroughly familiar with the case).

-3-

Contrary to Figueroa's claims, Attorney Connors vigorously advocated that the gun enhancement should not be applied in calculating Figueroa's base offense level under the Sentencing Guidelines. He filed objections to that enhancement and vigorously argued the objection at the sentencing hearing. (See Transcript of Sentencing Hearing conducted on January 22, 2009 ["Sent.Tr."] at 3-24.) At sentencing, Figueroa's counsel went to great lengths to distinguish Figueroa's case from the well established First Circuit case law upholding the application of the gun enhancement when it is "reasonably foreseeable" to a defendant that one of his co-conspirators possessed a weapon during the drug trafficking offense. See United States v. Thongsophaporn, 503 F.3d 51, 58-59 (1st Cir. 2007) (citing United States v. Bianco, 922 F.2d 910, 912-13 (1st Cir. 1991)); United States v. Berrios, 132 F.3d 834, 839 (1st Cir. 1998). Counsel was fully aware that under those principles, once the prosecution has shown by a preponderance of the evidence that a weapon was possessed in connection with a drug offense, "[t]he burden then shifts to the defendant "to persuade the factfinder that the connection between the weapon and the crime is clearly improbable." Thongsophaporn, 503 F.3d at 58, n. 9 (quoting United States v. McDonald, 121 F.3d 7, 10 (1st Cir.1997).

Figueroa contends that his counsel did not adequately research relevant case law and did not focus on the proper legal point in connection with his sentence hearing -- namely, that the Government must show not only that it was reasonably foreseeable that a co-defendant would possess weapons but that the weapons were readily available or accessible to the co-defendant. (Reply at 1-5.) However, the record shows that counsel argued that point as well, vigorously contending that the locations at the stash house of the .22 caliber handgun under a heavy television set and the 9 mm handgun above a ceiling panel in a bedroom closet rendered those firearms not

"reasonably available" to Angel. (Sent. Tr. at 13-15.)[4] Counsel further pointed out that the owner of the house, Figueroa's brother Angel, had stated that he was not aware of the presence of the 9 mm pistol. (Id. at 14).

Figueroa's further contention that his counsel should have presented evidence and testimony, including the testimony of Angel, as to the location of guns and their accessibility likewise fails. Counsel also pointed out that Angel stated he was not aware of the presence of the 9 mm pistol. (Id. at 14.) Figueroa does not state what further testimony Angel could have given on this point. Moreover, as the Government points out, Angel, who was Figueroa's subordinate within the organization, had admitted that the .22 caliber handgun was for protection, and that statement alone was sufficient to justify the enhancement.

In short, contrary to Figueroa's contention, counsel was knowledgeable concerning, and attempted to distinguish, controlling First Circuit case law. He argued that the guns were not readily available to be used for protection, that the presence of the guns at the stash house was not reasonably foreseeable, and that no drug transactions took place at that house – all in a persistent, if unsuccessful, attempt to contrast the facts with controlling First Circuit law. His performance was well within the "wide range of reasonable professional assistance," which is all that the Sixth Amendment requires. Strickland, 466 U.S. at 688. The fact that counsel was ultimately unsuccessful does not establish deficient performance. See Campusano v. United States, 2004 WL 1824112 at

---

[4] Attorney Connors argued in part:
Counsel: . . . But, Your Honor, the so-called .22 with one round is inside a television set and you needed directions to be able to get that. Secondly, Angel Figueroa told Detective Enright, when he was being arrested, after they found a nine- millimeter handgun in a false ceiling, Your Honor, in a -- I believe it was in a closet, actually, a ceiling over a closet. That had ten rounds. That was loaded. That's a nine-millimeter. Clearly, that's the type of weapon, you know, drug dealers and people would use, no question about that. *But, once again, it's not readily available.* It's above a false ceiling in a closet, so it's not something that someone could grab instantly and use.
Sent. Tr. at 13-14. (Emphasis added.)

*4 (S.D.N.Y.,2004) ("The fact that an attorney lost a particular argument cannot be used as a barometer of overall poor performance.)

Moreover, Figueroa has not established prejudice. He has not cited to any case which indicates that the gun enhancement should not have been applied in his case.[1] This Court considered Figueroa's objection to the gun enhancement, and counsel's lengthy arguments against the application of the enhancement. The fact that counsel's arguments were rejected likewise does not establish prejudice. Thus, Figueroa has made no showing that his sentence would have been shorter had his counsel made any different argument. See Glover v. United States, 531 U.S. 198, 203 (2001) (prejudice may be shown if counsel's deficient performance results in an increase in jail time). Thus, as to both prongs, Figueroa's claim of ineffective assistance fails.

This Court has considered all of Figueroa's other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, Figueroa's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

---

[1] The decisions in United States v. Ovalle-Marquez, 36 F.3d 212 (1st Cir. 1994) and United States v. Corcimiglia, 967 F.2d 724, 727 (1st Cir.1992), cited by Figueroa, do not change the result here. In Ovalle-Marquez the court upheld the district court's finding of a weapons enhancement based on evidence that gun was present, although the gun was not seen, stating that defendant had failed to come forward with evidence showing the existence of special circumstances demonstrating that it was clearly improbable that the weapon's presence had a connection to drug trafficking. Id. at 224. Corcimiglia is to the same effect, upholding a sentencing firearms enhancement where the defendant knew of the location of the weapons in her residence, described as "a home that was subsequently used to facilitate the distribution of drugs," and that they were purchased for protection -- similar to the circumstances here. Id. at 726-27.
The case law from other circuits cited by Figueroa (Reply at 4-5) likewise does not assist him, where First Circuit law discussed supra, is clearly controlling on this issue.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Figueroa has failed to make a substantial showing of the denial of a constitutional right with respect to his claim, as required by 28 U.S.C. §2253(c)(2).

Figueroa is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge

Date: May 3, 2011