```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )   Cr. No. 17-087 WES
                                    )   Cr. No. 08-042 WES
HECTOR M. FIGUEROA,                 )
                                    )
          Defendant.                )
_____)
```

### ORDER

Before the Court is Defendant Hector M. Figueroa's Motion for Compassionate Release, ECF No. 26.[1]  After review, Defendant's Motion for Compassionate Release is GRANTED.  Defendant shall be released from the custody of the federal Bureau of Prisons ("BOP") by **December 10, 2020,** by 5 p.m.

On December 19, 2017, after Defendant pleaded guilty to one count of possession with intent to distribute cocaine and one count of possession with intent to distribute buprenorphine, the Court sentenced Defendant, in Cr. No. 17-087, to 45 months' incarceration as to each count, to run concurrently with each other and consecutive to the term imposed in Cr. No. 08-42.  See J., ECF No. 16; see also Information, ECF No. 8.  In Cr. No. 08-42, Defendant came before the Court on a supervised release violation in October 2017, and was sentenced to 15 months' incarceration, with a term

---

[1] All docket references are to United States v. Figueroa, Cr. No. 17-087, unless otherwise noted.

of supervised release to follow. See J., ECF No. 121 in Cr. No. 08-042. Defendant has exhausted the BOP administrative process for motions for compassionate release. See BOP Admin. Remedy Resp., ECF No. 26-1. The Government opposes Defendant's Motion. See generally Gov't Opp'n Def.'s Mot. Compassionate Release, ECF No. 28.

The Court concludes that: (1) there exists extraordinary and compelling reasons to release Defendant, in light of the COVID-19 pandemic and Defendant's preexisting medical conditions (including, kidney disease and asthma), as reflected in Defendant's medical records; (2) Defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A) (2018); U.S.S.G. § 1B1.13.

Additionally, the Court modifies Defendant's conditions of supervised release to provide that:

1. Defendant shall be placed on home detention with RF monitoring until June 10, 2021, and will be restricted to his residence every day. Exceptions to home detention are as follows: employment, education, religious services, medical treatment, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other

       activities as pre-approved by U.S. Probation. Defendant shall pay all or part of the cost of monitoring based on ability to pay as determined by the probation officer.

2. The installation of the location monitoring equipment may be installed after the 14-day quarantine or once deemed safe by U.S. Probation.

3. Defendant shall self-quarantine for fourteen (14) days upon release.

4. The conditions of release previously imposed by this Court otherwise remain in effect.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
District Judge
Date: December 9, 2020